■ In the Matter of VIRGIE E. TINSLEY Doing Business as RIDGE REST HOME, Petitioner, v BARBARA B. BLUM, as Commissioner of the New York State Department of Social Services, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Department of Social Services which revoked the operating certificate issued petitioner to operate the Ridge Rest Home.

Petitioner was charged with failure to demonstrate good moral character and standing in the community in violation of section 461-b (subd 2, par [a]) of the Social Services Law and two regulations (former 18 NYCRR 486.2 [a] [1] and 486.8 [b], repealed eff Sept. 1, 1984 [principles now stated in 18 NYCRR 485.6 (a) (1) (i)]). Petitioner contends that respondent failed to sustain her burden of proving that petitioner was not a person of good moral character and standing in the community and that the revocation of her operating certificate was arbitrary and capricious. We find no merit in these contentions.

Petitioner is the owner of the Ridge Rest Home, a 58-bed facility for the residence and care of elderly and disabled persons. On December 7, 1982, petitioner entered a plea of guilty to a charge of offering a false instrument for filing in violation of section 175.30 of the Penal Law. Petitioner had given false information and filed false statements with the Federal Department of Health, Education and Welfare, falsely averring that a William K. Myers was a resident of Ridge Rest Home, a certified facility, during a period when he was actually residing in an uncertified adult care facility, Riverhead Rest Home, also operated by petitioner. Petitioner received an unconditional discharge on the criminal charge and was ordered to make restitution in the sum of $19,908.20.

Petitioner testified that such false verification was made to accommodate the patient so that he could participate in a work therapy program which was easily accessible from the Riverhead Rest Home and not from the Ridge Rest Home. The moneys received by petitioner for the patient's care were higher than the

entitlement for his housing and care in an uncertified facility. The period involved approximated four years. The hearing officer concluded that petitioner's criminal act was proof of unacceptable moral character. The decision was accepted by respondent who revoked petitioner's license.

The test of review in this proceeding is whether the record as a whole rationally supports the finding of fact underlying respondent's decision (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). We conclude that it does. Petitioner's consistent failure to advise appropriate authorities as to the true facts of the patient's residency constitutes serious misconduct justifying respondent's action. We also find that the revocation of petitioner's operating certificate is not so shockingly unfair as to justify a finding of abuse of discretion (see *Matter of Pell v Board of Educ.,* 34 NY2d 222).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey JJ., concur.