■ In the Matter of FREDA RADER, Doing Business as VILLAGE HAVEN HOME FOR ADULTS, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application to expand the capacity of Village Haven Home for Adults and revoked the operating certificate issued to her to operate that facility.

Petitioner, operator of the Village Haven Home for Adults in the Village of Celoron, Chautauqua County, a 10-bed facility for the residence and care of elderly and disabled persons, applied for approval of a 10-bed addition to the home. When that application was denied, petitioner requested a hearing. Thereafter, petitioner was charged by respondent with failure to comply with State statutes and regulations governing the operation of such facilities and with failure to demonstrate sufficient character and competence to continue operating the facility (see, Social Services Law § 460-b [2]; § 460-d [4] [a]; § 461-b [2], [3] [a]; 18 NYCRR former 486.8 [b], repealed eff Sept. 1, 1984). A lengthy hearing on the matter was conducted, and several of the charges against petitioner were sustained. Accordingly, petitioner's application to expand the facility was denied and her certificate to operate the facility was revoked. Petitioner then commenced this proceeding.

The test of review in this proceeding is whether the record as a whole rationally supports the finding of fact underlying respondent's decision (see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176). The record contains abundant evidence that petitioner repeatedly failed to comply with respondent's regulations by, inter alia, allowing the facility's resident population to exceed its authorized capacity, providing care to residents staying in a cottage building behind the facility despite the fact that such cottage was not certified as an adult residential care facility, and misrepresenting facts to respondent's representatives. Such being the case, we conclude that the record rationally supports respondent's conclusion that petitioner is guilty of serious misconduct warranting the revocation of her operating certificate, a penalty that is not so shockingly unfair as to amount to an abuse of discretion (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Tinsley v Blum, 106 AD2d 813, 814, lv denied 64 NY2d 609).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey and Mikoll, JJ., concur.